# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| KHALIQ RA-EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:16-cv-02082-TLP-tmp |
| | ) | |
| v. | ) | |
| | ) | |
| SHELBY COUNTY CORRECTION | ) | |
| CENTER, SHELBY COUNTY, BILL | ) | |
| GUPTON, BILL SPEARS, DENNIS | ) | |
| TILLMAN, STEPHEN CRAIG, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS, DENYING PLAINTIFFS' MOTION TO AMEND, DENYING PLAINTIFFS' MOTION TO REMAND, CERTIFYING THAT APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND NOTIFYING PLAINTIFF OF APPELLANT FILING FEE

Plaintiff Khaliq Ra-El, an inmate confined in Shelby County Correctional Center ("SCCC"), filed a pro-se civil action against Defendants in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis. (ECF No. 1.) Defendants then filed a Notice of Removal under 28 U.S.C. §§ 1441 and 1446. (*Id.*) Ultimately, the Court dismissed this Complaint, granting leave to amend. (ECF No. 22.)

Plaintiff then filed an Amended Complaint and, then, a second Amended Complaint. This second Amendment served to supplement, rather than supersede, his first Amended Complaint. (ECF Nos. 24 & 26.) After filing his second Amended Complaint, Plaintiff moved to file an Amended Complaint that incorporated this second Amendment. (ECF No. 27.)

Plaintiff's motion is **DENIED**.  The Clerk shall record the defendants as Shelby County, SCCC Director Bill Gupton, SCCC Administrator Bill Spears, SCCC Administrator Dennis Tillman, and SCCC Supervisor Over Inmates Stephen Craig.  Of note, Plaintiff has named Defendants in their individual and official capacity.

## BACKGROUND

In his first Amended Complaint, Plaintiff alleges that he did not receive adequate recreational time.  (ECF No. 24 at PageID 116.)  He alleges that Defendants housed him with no out-of-dorm activities and that he often went months with no recreation whatsoever.  (*Id.*)  This, he alleges, caused psychological and physical injury.  (*Id.*)  Plaintiff also contends that Defendant Gupton was aware of his recreational grievances and did nothing.[1]  (*Id*. at PageID 117.)  Furthermore, Plaintiff alleges that Defendant Craig, the unit manager, also failed to solve Plaintiff's recreational grievances.  (*Id.*)

In his second Amended Complaint, Plaintiff alleges that, because Defendant Shelby County has no explicit recreational policy, it thus has a "code of silence" about SCCC's unconstitutional conditions.  (ECF No. 26 at PageID 132–33.)  Plaintiff also contends that Defendants Gupton, Spears, and Tillman learned through many written and in-person complaints, that he was not receiving adequate recreational time, and did nothing.  (*Id.*)

As for Defendant Craig, Plaintiff contends that he (1) failed to provide him any recreational time during the winter and summer months (2) failed to provide any out-of-dorm activities (3) kept Plaintiff in a dorm with no outside views, and (4) only provided Plaintiff

---

[1]  According to Defendants, Defendant Gupton passed away after this action's commencement, specifically on or about June 1, 2018.  (ECF No. 35.)

an average of twenty hours of recreation during his two-years as Unit Manager. (*Id*. at PageID 133)

Lastly, Plaintiff alleges that Defendants issued him slip-on shoes that did not provide support or secure footing, making it almost impossible to exercise. (*Id*. at PageID 134.) This, he argues, led to his physical deterioration. (*Id*.)

Plaintiff now seeks an injunction ordering that Defendants (1) create a policy for regular recreation at SCCC (2) make arrangements for Plaintiff to receive adequate clothing and footwear for recreation, and (3) he seeks compensatory and punitive damages. (*Id*. at PageID 135.)

**<u>SCREENING STANDARD</u>**

"[A] court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, [a] court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune . . . ." *Id*. at §1915A(b).

On pleading-standard review, "[p]ro se complaints are held to less stringent standards than formal pleadings drafted by lawyers and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quotations omitted). Nevertheless, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017).

Though a court will certainly grant a motion to dismiss if a plaintiff has no plausible claim for relief, a court must also review a complaint in the light most favorable to the plaintiff. *See Herhold v. Green Tree Serv., LLC*, 608 F. App'x 328, 331 (6th Cir. 2015). "A complaint should only be dismissed if it is clear to the court that 'no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id*. (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003)).

Similarly, frivolous claims will be dismissed under § 1915A(b). *See* §1915A(b).

> Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept fantastic or delusional factual allegations as true in prisoner complaints that are reviewed for frivolousness.

*Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Furthermore, "pleadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth." *Iqbal*, 566 U.S. at 679.

## DISCUSSION

A.     **Plaintiff's Claims Against Shelby County Are Implausible and Unconvincing.**

Section 1983 claims against municipalities concern two distinct issues—"(1) whether the plaintiff's harm was caused by a constitutional violation and (2) if so, whether the municipality is responsible for that violation." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The second issue resolves Plaintiff's claim against Shelby County.

A local government cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged

constitutional deprivation. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691–92 (1978).

To establish municipal liability, a plaintiff "must (1) identify the municipal policy or custom,

(2) connect the policy to the municipality, and (3) show that his particular injury was

incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003)

(citing *Garner v. Mem. Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). At bottom, the policy

must be "the moving force of the constitutional violation."

Plaintiff's claims against Defendant Shelby County stem from its alleged "code of

silence about unconstitutional conditions at SCCC" and its "lack of policy requiring

recreation." (ECF no. 26 at PageID 132–33.) Even though a court will liberally construe a

pro se complaint, these allegations are purely conclusory. Plaintiff's allegations arise from

an alleged absence of a policy, to which Plaintiff provides no substantiating evidence. Of

course, the absence of evidence is not necessarily evidence of an absence—Defendant may

very well have a code of silence concerning constitutional violations at SCCC. But, the

Court cannot allow Plaintiff to pursue claims on this issue without further evidence that

Defendant Shelby County's alleged code of silence is *responsible* for a particular

constitutional violation. *See Collins*, 503 U.S. at 121 ("[I]t is when execution of a

government's policy or custom, whether made by its lawmakers or by those whose edicts or

acts may fairly be said to represent official policy, inflicts the injury that the government as

an entity is responsible under § 1983."). Thus, Plaintiff's claims against Shelby County are

DISMISSED.

**B.      Plaintiff's Failure-to-Investigate Claims Fail as a Matter of Law.**

A failure to investigate a prisoner's grievances may support § 1983 supervisory

liability. *See Walker v. Norris*, 917 F.2d 1449, 1457 (6th Cir. 1990). But, Defendants

Gupton, Spears, and Tillman did, in fact, investigate Plaintiff's claims for lack of recreation. ECF No. 26 at PageID 133.) This claim is thus similar to *Norris*, which weighs in favor of dismissal. *See Walker*, 917 F.2d at 1457 (affirming an entry for directed verdict because Defendants investigated an inmate's death). Defendants "personally appeared . . . to determine if any recreation was being provided on several occasions." (ECF No. 26 at PageID 133.) Defendants appeared to review Plaintiff's appeal in determining that Plaintiff received sufficient recreation. (*Id.*) In light of *Norris*, the Court dismisses Plaintiff's claim for failure to investigate.

**C.      Eighth Amendment Claims for Lack of Recreation Fail.**

Plaintiff's recreational-deprivation claim arises under the Eighth Amendment, which prohibits cruel and unusual punishments. *See* U.S. Const. amend. VIII; *Wilson v. Seiter*, 501 U.S. 294, 296–302 (1991). An Eighth Amendment claim consists of both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011).

To establish the objective component of an Eighth Amendment claim, a prisoner must show that her deprivation is "sufficiently serious"—that she "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer*, 511 U.S. at 834; *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (stating that an Eighth Amendment violation occurs when a prisoner is deprived of the "minimal civilized measure of life's necessities."). That said, the Constitution "does not mandate comfortable prisons." *Rhodes*, 452 U.S. at 349. "[R]outine discomfort 'is part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347).

Thus, "extreme deprivations are required to make out a conditions-of-confinement claim."

*Id.*

To establish the subjective component of an Eighth Amendment claim, a prisoner must prove that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. Specifically, the official must have acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Holder v. Saunders*, 2017 WL 3401288, at *2 (6th Cir. 2017). To this point, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 834. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*.

"It is generally recognized that a total or near-total deprivation of exercise or recreational opportunity, without penological justification, violates Eighth Amendment guarantees." *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983). But the Sixth Circuit has ruled that confinement of inmates to their cells for twenty-three hours a day does not violate the Eighth Amendment. *See Argue v. Hofmeyer*, 80 F. App'x 429, 430 (6th Cir. 2003). (emphasis added).

In the Sixth Circuit, there is no "set a minimum amount of time a prisoner must have access to outdoor recreation." *Argue v. Hofmeyer,* 80 F. App'x 429, 430 (6th Cir. 2003). Here, Plaintiff alleges that he did not receive "adequate" recreational time. (ECF No. 26 at PageID 133.) Even more, Plaintiff alleges that he, at times, went months without exercising and that, when he did exercise, the prison did not issue him adequate footwear. (*Id*. at

PageID 133–34.)  These allegations do not satisfy the Eighth Amendment's objective component.

Plaintiff concedes that Defendant Craig did, in fact, give Plaintiff recreational time. (ECF No. 26 at PageID 133.)  Perhaps Defendant Craig did not give Plaintiff as much recreational time as Plaintiff wanted.  But this does not rise to the level of depriving Plaintiff of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347.  Eighth Amendment violations represent considerable and borderline extreme deprivations.  For example, in *Flanory v. Bonn*, a prison official deprived an inmate of toothpaste for 337 days, unsurprisingly resulting in oral health problems.  *See Flanory v. Bonn*, 604 F.3d 249, 256 (6th Cir. 2010).  Not being able to exercise for a few months, conversely, does not deprive Plaintiff of a *basic* necessity.[2]

Plaintiff's assertion of harm from SCCC's recreation policy does not rise to the level of an Eighth Amendment harm.  That exercise may lengthen one's lifespan is not the type of harm on which Plaintiff may suffice the Eighth Amendment's objective component.  *Farmer*, 511 U.S. at 834; (ECF No. 26 at PageID 134.)

Furthermore, Plaintiff's claims do not satisfy the Eighth Amendment's subjective component.  Plaintiff acknowledges that Defendants Gupton, Spears, and Tillman investigated Plaintiff's grievances and determined that he was receiving adequate recreational time.  (*Id*. at PageID 133.)  Plaintiff also acknowledges that Defendant Craig did, in fact, give Plaintiff recreational time over the past year.  (*Id*.)  Thus, Defendants responded to Plaintiff's grievances, either by granting him recreational time or investigating whether

---

[2] This is not to say that Plaintiff's grievance lacks merit.  To be sure, being confined to one's cell for days on end may take a toll on one's health.  Instead, the Court merely finds that this harm does not rise to the level of an Eighth Amendment violation.

Plaintiff's recreational time was adequate enough. (*Id*.) As a result, Defendants do not appear deliberately indifferent to Plaintiff's well-being, at least to the level necessary to satisfy the Eighth Amendment's subjective component. *Farmer*, 511 U.S. at 834; *Holder v. Saunders*, 2017 WL 3401288, at *2 (6th Cir. 2017). Plaintiff's Eighth Amendment claims, then, cannot be sustained.

## CONCLUSION

The Court GRANTS Defendants' Motions to Dismiss (ECF Nos. 25 & 28),[3] DISMISSES Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), DENIES Plaintiff leave to amend his Complaint, and DENIES AS MOOT Plaintiff's Motion to Remand.

Furthermore, under 28 U.S.C. §1915(a)(3), the Court should also consider whether an appeal by Plaintiff here would be taken in good faith. The good-faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would NOT BE TAKEN IN GOOD FAITH.

As a result, it is CERTIFIED, under 28 U.S.C. §1915(a)(3), that any appeal here by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in

---

[3] Defendant's Second Motion to Dismiss includes an alternative pleading seeking to strike Plaintiff's second amended complaint for failure to follow local rules. The Court declines to address that argument because the complaint is dismissed for failure to state a claim.

good faith does not affect an indigent-prisoner plaintiff's ability to take advantage of the

installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601,

610–11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at

951. *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)–

(b).

Plaintiff is thus instructed that if he wishes to take advantage of the installment

procedures for paying the appellate filing fee, he must comply with the procedures set out in

*McGore* and § 1915(a)(2) by filing an updated in forma pauperis affidavit and a current,

certified copy of his inmate trust account for the six months immediately preceding the filing

of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the

second dismissal of one of his cases as either frivolous or for failure to state a claim.[4] This

"strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759,

1763–64 (2015).

**SO ORDERED**, this 27th day of July, 2018.

s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[4] *See Bey v. Criminal Court of Tenn. for the 30th Judicial Dist. at Memphis*, No. 14-2871-JDT-dkv (W.D. Tenn. Sept. 11, 2015) (dismissed for failure to state a claim).